UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

CROWN FINANCIAL SOLUTIONS, LLC,

        Plaintiff,

        -against-

TL GILLIAMS, LLC, PARLIN FUNDS LLC and
THE PARLIN FAMILY FOUNDATION,

        Defendants.
------------------------------------------------------------ x

12 CV 0669 (ALC)(MHD)

**ORDER TO SHOW CAUSE
TO BE RELIEVED AS
COUNSEL FOR PLAINTIFF**

Upon the declaration of Matthew Sheppe, sworn to on October 4, 2012 and all prior proceedings had herein, it is

**ORDERED**, that the above named plaintiff show cause before the Court, ~~at Room ___, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on October ___, 2012 at ___ in the __.m., or as soon thereafter as counsel may be heard,~~ why an order should not be issued pursuant to Local Civil Rule 1.4 of the Southern and Eastern Districts of New York granting the application of Reiss Sheppe LLP to be relieved as counsel for plaintiff Crown Financial Solutions LLC; and it is further

**ORDERED**, that service by overnight mail and by email on plaintiff Crown Financial Solutions LLC and counsel for the defendants Parlin Funds LLC and The Parlin Family Foundation on or before October 10, 2012 shall be deemed good and sufficient service thereof. Opposition or otherwise responding papers by plaintiff and defendants are to be served and filed by Oct. 17, 2012. Reply papers are due by Oct. 19, 2012.

Dated: New York, New York
      October 9, 2012

                                      Michael H. Dolinger, U.S.M.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

CROWN FINANCIAL SOLUTIONS, LLC,

        Plaintiff,

        -against-

TL GILLIAMS, LLC, PARLIN FUNDS LLC and
THE PARLIN FAMILY FOUNDATION,

        Defendants.
------------------------------------------------------------ x

12 CV 0669 (ALC)(MHD)

**DECLARATION OF MATTHEW SHEPPE**

MATTHEW SHEPPE, an attorney duly licensed to practice law in the State of New York, hereby declares as follows:

1. I am a partner at the firm of Reiss Sheppe LLP, counsel for Plaintiff Crown Financial Solutions, LLC ("Plaintiff") in the above-referenced action, and as such I am fully familiar with the facts and circumstances surrounding this action. I submit this affirmation in support of Reiss Sheppe LLP's application by order to show cause to be relieved as counsel for Plaintiff.

## FACTUAL AND PROCEDURAL BACKGROUND

2. Plaintiff commenced this action by summons and complaint on or about January 28, 2012, as an interpleader action to allow Plaintiff to pay certain monies into Court that the Defendants both lay claim to.

3. Defendants Parlin Funds LLC and The Parlin Family Foundation ("Parlin") noticed Plaintiff's principal, Todd Seigmeister's deposition for November 1, 2012. Additionally, Parlin served a second set of document requests, for which responses are due on October 20, 2012.

## WITHDRAWAL OF REISS SHEPPE LLP

4. Reiss Sheppe LLP ("Reiss Sheppe") seeks to withdraw as counsel of record for Plaintiff because the firm's relationship with Plaintiff has so deteriorated that Reiss Sheppe cannot continue to represent Plaintiff.

5. As the Court may recall, Plaintiff's principal, Todd Seigmeister, has been in Africa since sometime in February, 2012.

6. I have tried to communicate with Mr. Seigmeister on numerous occasions. The only way I am able to reach him is by email, after which he sometimes calls me and sometimes emails me.

7. In addition to it being exceedingly difficult to represent a client who is rarely available, Mr. Seigmeister has been extremely uncooperative in providing me with even the most basic information, making it impossible for the firm to properly represent Crown Financial. For example, Mr. Seigmeister represented to me that he would be back in the United States in early June. When early June passed, he represented that he would be in the United States in late June. This has gone on for several months and each time we speak he represents to me that he will return to the United States in a matter of weeks and that we can discuss matters then. As far as I am aware, Mr. Seigmeister has not returned to the United States. Of course, I have made representations both to the Court and to opposing counsel concerning when Mr. Seigmeister would return to the United States, which turned out not to be true.

8. This kind of misinformation has manifest itself in other areas as well, which the attorney-client privilege prevents me from disclosing.

9. In addition to our troubled communications with Crown Financial, Crown Financial owes Reiss Sheppe approximately $8,500. Since this representation began, Crown Financial has not made a single payment to Reiss Sheppe LLP. The outstanding amount due covers services relating to responding to various discovery related issues, court conferences, motion practice and related research.

10. Mr. Seigmeister has repeatedly promised to pay this bill since May 2012, but has yet to pay it.

11. Indeed, even at $8,500, the amount currently due has become a financial hardship on the firm. Reiss Sheppe LLP is has four attorneys and one of counsel. One of the attorneys is a corporate attorney and the firm's only associate is a first year, leaving only two full time lawyers and one part-time of counsel to handle the workload. Essentially, the firm is dependent on each of its three partners generating sufficient revenue to keep the firm and each partner afloat.

12. With discovery just started, we are concerned that this bill will spiral out of control especially with Mr. Seigmeister in Africa and having repeatedly reneged in his promises to pay his bill.

13. Since we advised Mr. Seigmeister that we were moving to withdraw if he did not make arrangements to pay our outstanding bills, he has promised to pay the bill by dates certain, all of which have passed without the bill being paid or any additional communication from Mr. Seigmeister.

14. Local Civil Rule 1.4 provides that:

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or

3

displacement and the posture of the case, including its position, if any, on the calendar.

15. Courts routinely grant counsel the right to withdraw because of the deterioration of the attorney-client relationship or when a client fails to pay its attorneys' legal fees. *See DR 2-110 (22 NYCRR 1200.15(c)(1)(iv))*(where client makes it unreasonably difficult for a lawyer to represent him it is grounds for withdrawal); *Blue Angel Films, Ltd. V. First Look Studios, Inc.*, 2011 WL 672245, * 1 (S.D.N.Y. 2011)(non-payment of legal fees sufficient grounds for granting motion to withdraw); *Melnick v. Press*, 2009 WL 2824586, * 3 (S.D.N.Y. 2009)(same); *Diarama Trading co. v. J. Walter Thompson U.S.A., Inc.*, 2005 WL 1963945, * 1 (S.D.N.Y. 2005)("'Satisfactory reasons' include failure to pay legal fees, a client's lack of cooperation – including lack of communication with counsel, and the 'existence of an irreconcilable conflict between attorney and client'").

16. Courts also consider the procedural posture of the case when considering a motion to withdraw and may deny the motion if it will disrupt the prosecution of the suit. *See Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999). However, denying a motion to withdraw based on the procedural posture of the case typically occurs only when a motion to withdraw is filed on the eve of trial. *Id.*; *Vachula v. General Electric Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn 2000)(motion to withdraw on eve of trial denied); *compare Freund v. Weinstein*, 2009 WL 750242, * 1(E.D.N.Y. 2009)("'[W]ithdrawal at this junction will not substantially disrupt this litigation since discovery is in the early stages."). Nor is the fact that Plaintiff is a corporation and so may not proceed *pro se* or that Plaintiff cannot afford an attorney sufficient grounds to deny a motion to withdraw.

4

*Stair v. Calhoun*, 722 F.Supp.2d 258, 265-66 (E.D.N.Y. 2010); *see Blue Angel Ltd*, 2011 WL 672245 at *3.

17. Considering this case is at the very start of discovery, the procedural posture of the case should not be an impediment to Reiss Sheppe's motion to withdraw.

18. Given the above, we respectfully request that the Court grant Reiss Sheppe's application to withdraw.

## STAY OF PROCEEDINGS

19. We further request that, should the Court grant this application it also order a stay of all other proceedings for 30 days to allow Plaintiff sufficient time to retain new counsel. *See Century Jets Aviation, LLC v. Alchemist Jet Air, LLC*, 2009 WL 4035642, * 3 (S.D.N.Y. 2009)

20. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, I respectfully request that the Court enter an order in this action relieving Reiss Sheppe LLP as counsel for Plaintiff Crown Financial Solutions, LLC in the above referenced action and staying all proceedings herein for a period of 30 days thereafter, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 4, 2012

_____
Matthew Sheppe

# FAX Cover Sheet

Date:     October 9, 2012

To:
     Matthew Henry Sheppe, Esq.
     Reiss, Eisenpress and Sheppe LLP
     Fax: (212) 753-3829

     Timothy Charles Bauman, Esq.
     Allegaert Berger & Vogel LLP
     Fax: (212) 571-0555

     And by U.S. Mail to:

     TL Gilliams, LLC
     87 Talbot Court
     Media, Pennsylvania 19063

Re:     <u>Crown Financial Sols., LLC v. TL Gilliams, LLC, et al.</u>
     12 Civ. 0669 (ALC) (MHD)

Order to show cause enclosed. Handwritten addition: *Opposition or otherwise responding papers by plaintiff and defendants are to be served and filed by Oct. 17, 2012. Reply papers are due by Oct. 19, 2012.*

From:   Magistrate Judge Michael H. Dolinger
     United States District Court
     Southern District of New York
     500 Pearl Street, Room 1670
     New York, New York 10007-1312

     FAX (212) 805-7928

     TELEPHONE (212) 805-0204

This document contains ~~7~~ 2 pages, including this cover sheet.