ALLEGAERT BERGER & VOGEL LLP
Louis A. Craco, Jr. (lcraco@abv.com)
Robert E. Malchman (rmalchman@abv.com)
Timothy C. Bauman (tbauman@abv.com)
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550
*Attorneys for Defendants-Counterclaim Plaintiffs*
*Parlin Funds LLC and The Parlin Family Foundation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CROWN FINANCIAL SOLUTIONS LLC,      :
                                    :
    Plaintiff-Counterclaim Defendant,   :      12-cv-0669 (ALC) (MHD)
                                    :
    -against-                           :
                                    :      **DECLARATION OF**
                                    :      **ROBERT E. MALCHMAN**
TL GILLIAMS, LLC,                   :
                                    :
    Defendant                           :
                                    :
    -and-                               :
                                    :
PARLIN FUNDS LLC and                :
THE PARLIN FAMILY FOUNDATION,       :
                                    :
    Defendants-Counterclaim Plaintiffs. :

------------------------------------------------------------x

       ROBERT E. MALCHMAN, hereby declares pursuant to 28 U.S.C. § 1746, as

follows:

       1.  I am a member of the bar of this Court and of counsel to Allegaert Berger &

Vogel LLP, counsel to Defendants-Counterclaim Plaintiffs Parlin Funds LLC and The Parlin

Family Foundation (the "Parlin Claimants").  I make this Declaration in support of the Parlin

Claimants' application for entry of an order pursuant to Fed. R. Civ. P. 55(b)(2), and S.D.N.Y.

Civ. R. 55.2(b) authorizing and directing the Clerk of the Court to enter a default judgment

against Plaintiff-Counterclaim Defendant Crown Financial Solutions LLC ("Crown") on its

interpleader claim and a default against Crown and in favor of the Parlin Claimants on their

counterclaim for conversion.  I make this Declaration based either on personal knowledge or my

review of the documents filed or produced in this action, in Parlin Funds LLC v. Gilliams,

S.D.N.Y. No. 11 Civ. 2534 (ALC) (MHD) or in Parlin Funds LLC v. Morfopoulos, Sup. Ct.

N.Y. Cty. No. 650454/2011.

       2.   Crown commenced this interpleader action on January 25, 2012, alleging, in

summary, that it was subject to conflicting claims as to $868,000 between the Parlin Claimants

and Defendant TL Gilliams, LLC ("TLG").  A copy of the Complaint is annexed hereto as

Exhibit A.  The Complaint alleged that the activity in which Crown invested the money was

"anticipated to mature during the first half of 2012," meaning that, at such time, Crown could

pay the funds into Court to fulfill its obligations under the interpleader statute.  As of this date,

Crown has not deposited a penny with the Court.

       3.   The Parlin Claimants filed an Amended Answer with Counterclaim, dated

July 25, 2012 (the "Counterclaim," a copy of which is attached hereto as Exhibit B).  The

Counterclaim seeks $1,620,000 in conversion damages against Crown.  These funds represent a

portion of the $4,000,000 that the Parlin Claimants were defrauded into providing to Vassilis

Morfopoulos, who in turn gave that money to Tyrone Gilliams, Jr.  Gilliams directed $3,000,000

of those funds to an account in TLG's name at Wells Fargo Advisors.  From there, Gilliams

caused $1,620,000 to be sent to Crown, purportedly for an investment in gold mining in Ghana.

Complaint ¶ 14.  Crown answered the Counterclaim on August 15, 2013, and filed an amended

version later that day (the "Reply").  A true and correct copy of the Reply is attached hereto as

Exhibit C.

4.   On October 22, 2012, this Court granted the motion of Reiss Sheppe LLP to withdraw as counsel to Crown and directed that Crown appear by counsel on or before December 7, 2012.  A copy of that Order is attached as Exhibit D hereto.  No counsel for Crown has appeared as of the date of this Declaration.[1]

5.   Crown has not responded to any of the Parlin Claimants' discovery requests, including those due prior to Reiss Sheppe's withdrawal, nor has it provided the mandatory initial disclosures.

6.   Additionally, this Court set a conference in this matter for January 7, 2013. At the request of Crown's principal, Todd Siegmeister, that date was postponed to January 16. The Court then sua sponte rescheduled the conference to January 30.  Both this Court and my firm kept Mr. Siegmeister apprised of all of the conference dates, and we repeatedly reminded him that Crown would have to appear by counsel or face a motion for a default judgment.  On January 29, we received an e-mail from Mr. Siegmeister and a phone call from an associate of his asserting that Mr. Siegmeister had returned to Ghana for a judicial proceeding there and would not be attending the conference here.  No one representing Crown attended the January 30 conference.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       February 5, 2013

                                          _____
                                              Robert E. Malchman

---

[1] TLG has never appeared in this action.