**MALCHMAN DECLARATION EXHIBIT A**

Matthew Sheppe
Reiss Sheppe LLP
425 Madison Avenue, 19th Floor
New York, New York 10017
Tel: (212) 753-2424 x111
Fax: (212) 753-3829
E-mail: msheppe@reisssheppe.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CROWN FINANCIAL SOLUTIONS LLC,

                Plaintiff,

-- against --

TL GILLIAMS, LLC, PARLIN FUNDS LLC
and THE PARLIN FAMILY FOUNDATION,

                Defendants.
------------------------------------------------------------X

12 CIV 0669
ECF

Index No. _____

**COMPLAINT IN INTERPLEADER**



Plaintiff Crown Financial Solutions LLC ("Crown"), by its undersigned counsel, as and for its Complaint aver, on knowledge as to its own acts and status and upon information and belief as to the acts and status of others, as follows:

Introduction

1. This is an interpleader action to resolve who among the claimants is rightfully owed certain debts and obligations of Plaintiff. The original debts and obligations (the "Stakes") were incurred to Defendant TL Gilliams, LLC ("TLG"). Counsel for Defendants Parlin Funds LLC and The Parlin Family Foundation (individually and collectively, the "Parlin Claimants"), however, has advised Plaintiff that the underlying consideration creating the Stakes came from their assets converted and/or obtained by fraud by TLG and its principal, Tyrone

Gilliams ("Gilliams"), and that if Plaintiff repaid the Stakes to TLG, the Parlin Claimants might assert claims for relief against Plaintiff.

2. There is already pending in this Court an action in which the Parlin Claimants are suing TLG and Gilliams, among others, for damages for various torts. That case is styled Parlin Funds LLC, v. Gilliams, S.D.N.Y. 11 Civ. 2534 (ALC) (MHD).

3. Plaintiff claims no interest in the Stakes and seeks only to terminate any liability it might have to both sets of Claimants. Plaintiff is paying, transferring or assigning, or will do so shortly, its rights in the Stakes to the Clerk of this Court to hold pending resolution of the Claimants' claims.

## The Parties

4. Plaintiff Crown is a New Jersey limited liability company with its principal place of business in Morristown, New Jersey.

5. Upon information and belief, Defendant TLG is a limited liability company organized under the laws of the state of New Jersey and having its principal place of business in Bala Cynwyd, Pennsylvania. TLG is licensed as an authorized foreign limited liability company in the County of New York, New York, by the State of New York

6. Upon information and belief, Defendant Parlin Funds LLC is a limited liability company organized under the laws of the state of Ohio having its principal place of business in Cincinnati, Ohio.

7. Upon information and belief, Defendant The Parlin Family Foundation is a not-for-profit charitable foundation organized under the laws of the state of Ohio and having its principal place of business in Cincinnati, Ohio.

## Jurisdiction and Venue

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 in that adverse claimants -- the Parlin Claimants and TLG -- are citizens of different states and amounts claimed in possession of the Plaintiff exceed $500.

9. Venue is properly laid in this district pursuant to 28 U.S.C. § 1397 in that at least one of the claimants, specifically TLG, resides in this district.

## Facts

10. On or about November 15, 2010, TLG opened an investment account (the "Investment Account") with Crown and sent it $1,620,000.00.

11. The Parlin Claimants allege that this $1,620,000.00 was misappropriated and/or obtained from them by fraud on the part of TLG and Gilliams and belongs to the Parlin Claimants.

12. Of that $1,620,000.00, Crown returned $752,000.00 to TLG through February 16, 2011, at TLG's request.

13. TLG has made no withdrawals from the Investment Account since February 16, 2011.

14. Thus, approximately $868,000.00 (the "Investment Assets") remains in TLG's account at Crown, subject to variations related to the investment of those funds by Crown in a gold-mining business in Ghana. The precise value of the Investment Assets will not be determined until the investments mature and are repaid to Crown.

15. The investment of the Investment Assets is anticipated to mature during the first half of 2012.

3

16. Upon information and belief, TLG contends the Investment Assets are payable to it.

17. Upon information and belief, the Parlin Claimants contend that the Investment Assets are payable to them because the funds TLG gave to Crown upon opening the account came from funds TLG allegedly converted and/or took by fraud from the Parlin Claimants.

## CLAIM FOR RELIEF
### (Against all Defendants for Interpleader)

18. Plaintiff repeats and realleges paragraphs 1 through 17 above as if fully set forth herein.

19. Crown is informed and believes that TLG will contend the Investment Assets are owed to it.

20. Crown is informed and believes that the Parlin Claimants will contend the Investment Assets are owed to them.

21. Crown is at risk of being sued by whichever of Gilliams or the Parlin Claimants Crown does not pay the Investment Assets.

22. Crown has no interest in the Investment Assets.

23. Under 28 U.S.C. § 1335(a), Crown is entitled to join all claimants to the Investment Assets in a single action and to require each to seek a judicial determination as to lawful ownership of the disputed property so as to avoid the possibility of multiple litigation, and double or inconsistent liability.

4

24.     Attached hereto as Exhibit A is a true and correct copy of Crown's Assignment (the "Investment Assets Assignment") of the right to receive payment of the Investment Assets to the Clerk of this Court, which shortly will be filed with this Court.

25.     Pursuant to the Investment Assets Assignment, as the Investment Assets are returned to Crown, it will deposit them with the Clerk of this Court in full discharge of its obligations to the claimants. Until the Investment Assets are fully returned to Crown, Crown will not know the total amount, as that amount may fluctuate based on the value of the investment.

26.     Upon such payment of the Investment Assets to the Clerk of this Court, Crown should have no liability to TLG or the Parlin Claimants pursuant to 28 U.S.C. § 2361 and will be entitled to an order and injunction to that effect.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A.     On the Claim for Relief, pursuant to 28 U.S.C. § 2361, requiring Defendants to interplead and settle between themselves their rights to the Investment Assets, permanently enjoining TLG and the Parlin Claimants from instituting or prosecuting any proceeding in any State or United States court affecting the Investment Assets, and discharging Crown from any further liability regarding the Investment Assets to TLG and the Parlin Claimants.

B.     Awarding Plaintiff its costs of suit, including reasonable attorneys' fees; and

C. Awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 25, 2012

                REISS SHEPPE LLP

By: _____
Matthew Sheppe
425 Madison Avenue, 19th Floor
New York, New York 10017
Tel: (212) 753-2424 x111
Fax: (212) 753-3829
E-mail: msheppe@reisssheppe.com
*Attorneys for Plaintiff,*
*Crown Financial Solutions LLC*

# EXHIBIT A

# EXHIBIT A

## GENERAL ASSIGNMENT

This GENERAL ASSIGNMENT (this "Assignment"), dated as of January 9, 2012, is made by Crown Financial Solutions LLC ("Assignor") in favor of the Clerk of the United States District Court for the Southern District of New York ("Assignee").

### WITNESSETH

**WHEREAS,** Assignor is the holder of an investment account (the "Investment Account") in the name of TL Gilliams, LLC. ("TLG"), and is thus indebted to TLG in the amount in the account pursuant to the investment agreement between Assignor and TLG; and

**WHEREAS,** Assignor has been informed by Parlin Funds LLC and The Parlin Family Foundation (collectively, the "Parlin Claimants") that the Parlin Claimants assert that the assets in the Investment Account belong to them because they had been converted and/or taken by fraud or other tortious behavior by TLG; and

**WHEREAS,** Assignor wishes to avail itself of the rights and protections of the Federal Interpleader Act, 28 U.S.C. § 2361;

**NOW, THEREFORE,** in consideration of the foregoing premises, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby assigns, transfers and delivers to Assignee, as of the date hereof, all of Assignor's right, title and interest in and to the Investment Account, including without limitation, the right to receive distributions from the Investment Account as such distributions become available. Assignor covenants to pay such distributions to the Assignee within five (5) business days of their becoming available for distribution.

**Section 8. Governing Law.** THIS ASSIGNMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE UNITED STATES TO THE FULLEST EXTENT POSSIBLE, AND IN THE EVENT NO PROVISION OF UNITED STATES LAW GOVERNS ANY PARTICULAR ASPECT OF THIS ASSIGNMENT, SUCH PARTICULAR ASPECT OF THIS ASSIGNMENT SHALL BE GOVERNED BY THE LAW OF THE STATE OF NEW YORK. IN EITHER CASE, SUCH LAW SHALL APPLY WITHOUT GIVING EFFECT TO THE PRINCIPLES OF CONFLICTS OF LAWS OF SUCH JURISDICTION.

**IN WITNESS WHEREOF,** the Assignor has caused this Assignment to be duly executed on its behalf as of the date first above written.

**CROWN FINANCIAL SOLUTIONS, LLC**

By: _[signature]_
Name: Todd Siegmeister
Title: President