ALLEGAERT BERGER & VOGEL LLP
Louis A. Craco, Jr. (lcraco@abv.com)
Robert E. Malchman (rmalchman@abv.com)
Timothy C. Bauman (tbauman@abv.com)
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550
*Attorneys for Defendants-Counterclaim Plaintiffs*
*Parlin Funds LLC and The Parlin Family Foundation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CROWN FINANCIAL SOLUTIONS LLC,

        Plaintiff-Counterclaim Defendant,

-against-

TL GILLIAMS, LLC,

        Defendant

-and-

PARLIN FUNDS LLC and
THE PARLIN FAMILY FOUNDATION,

        Defendants-Counterclaim Plaintiffs.
-------------------------------------------------------------------x

12-cv-0669 (ALC) (MHD)

**DECLARATION OF LOUIS A. CRACO, JR.**

        LOUIS A. CRACO, JR., declares pursuant to 28 U.S.C. § 1746, as follows:

        1. I am a member of the bar of this Court and of Allegaert Berger & Vogel LLP, counsel to Defendants-Counterclaim Plaintiffs Parlin Funds LLC and The Parlin Family Foundation (the "Parlin Claimants"). I make this Declaration in support of the Parlin Claimants' application for entry of an order pursuant to Fed. R. Civ. P. 55(b)(2), and S.D.N.Y. Civ. R. 55.2(b) authorizing and directing the Clerk of the Court to enter a default judgment against Plaintiff-Counterclaim Defendant Crown Financial Solutions LLC ("Crown") on its interpleader

claim and a default against Crown and in favor of the Parlin Claimants on their counterclaim for conversion. I make this Declaration based either on personal knowledge or my review of the documents filed or produced in this action, in Parlin Funds LLC v. Gilliams, S.D.N.Y. No. 11 Civ. 2534 (ALC) (MHD) or in Parlin Funds LLC v. Morfopoulos, Sup. Ct. N.Y. Cty. No. 650454/2011.

2. Crown commenced this interpleader action on January 25, 2012, alleging, in summary, that it was subject to conflicting claims as to $868,000 between the Parlin Claimants and Defendant TL Gilliams, LLC ("TLG"). A copy of the Complaint is annexed hereto as Exhibit A.

3. The Parlin Claimants filed an Amended Answer with Counterclaim, dated July 25, 2012 (a copy of which is attached hereto as Exhibit B). The Counterclaim seeks $1,620,000 in conversion damages against Crown. These funds represent a portion of the $4,000,000 that the Parlin Claimants were defrauded into providing to Vassilis Morfopoulos, who in turn gave that money to Tyrone Gilliams, Jr. Gilliams directed $3,000,000 of those funds to an account in TLG's name at Wells Fargo Advisors. From there, Gilliams caused $1,620,000 to be sent to Crown, purportedly for an investment in gold mining in Ghana. Complaint ¶ 14. Crown filed a Reply to the Counterclaim on August 15, 2013 (a copy of the Reply is attached hereto as Exhibit C.)

4. On October 22, 2012, this Court granted the motion of Reiss Sheppe LLP to withdraw as counsel to Crown and directed that Crown appear by counsel on or before December 7, 2012. A copy of that Order is attached as Exhibit D hereto.[1]

---

[1] TLG has never appeared in this action.

5. Crown has not responded to any of the Parlin Claimants' discovery requests, including those due prior to Reiss Sheppe's withdrawal, nor has it provided the mandatory initial disclosures.

6. Additionally, this Court set a conference in this matter for January 7, 2013. At the request of Crown's principal, Todd Siegmeister, that date was postponed to January 16. The Court then sua sponte rescheduled the conference to January 30. Both this Court and my firm kept Mr. Siegmeister apprised of all of the conference dates, and we repeatedly reminded him that Crown would have to appear by counsel or face a motion for a default judgment. On January 29, 2013 we received an e-mail from Mr. Siegmeister and a phone call from an associate of his asserting that Mr. Siegmeister had returned to Ghana for a judicial proceeding there and would not be attending the conference here. No one representing Crown attended the January 30, 2013 conference.

7. On May 12, 2013, the Parlin Claimants filed and served a Second Amended Answer with Counterclaim, which sought the same relief as the earlier Counterclaim but added allegations demonstrating that this Court had diversity jurisdiction over the subject matter of the Counterclaim. (A copy of that Second Amended Answer with Counterclaim is annexed as Exhibit E hereto.)

8. By order entered July 2, 2013 (a copy of which is annexed hereto as Exhibit F) Judge Koeltl directed Crown, by July 23, 2013, to appear by new counsel and move or answer the counterclaim and to place the funds that were the basis for the interpleader case within the registry of the Court. The order stated that if Crown did not do so the Parlin Claimants could move for a default judgment. Crown has never done any of the things required by the Court's July 3, 2013 Order.

9. In or around May 2014, the Parlin Claimants and Crown advised the Court that they had arrived at an agreement in principal to settle the case, and on May 28, 2014 the Court entered an order discontinuing this action, provided that either party could ask by letter to have the matter restored to the calendar within 45 days. On July 11, 2014, Judge Koeltl extended the time to request restoration of the case to September 5, 2014. On that day, the settlement having not been implemented, the Parlin Claimants requested that the case be restored to the calendar, which Judge Koeltl did by order dated September 22, 2014 (annexed hereto as Exhibit G). On September 30, 2014, the Court issued an order scheduling a conference before Magistrate Judge Dolinger on November 6, 2014 (annexed hereto as Exhibit I). I sent a copy of the September 30, 2014 Order to Crown's principal, Todd Siegmeister, at the email address through which I normally communicate with him, finance37@gmail.com, and thereafter had several telephone conversations in which we discussed the conference. In the last of these, on November 4, 2014, Mr. Siegmeister informed me he would not be attending the November 6 conference and, of course, neither he nor any representative of Crown appeard at that conference.

10. As of today, Crown has neither appeared by counsel in this action at any time since it prior counsel withdrew, nor deposited any funds with the Court, nor replied to the Second Amended Answer and Counterclaim.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
November 12, 2014

Louis A. Craco, Jr.

4