EXHIBIT E

ALLEGAERT BERGER & VOGEL LLP
Louis A. Craco, Jr. (lcraco@abv.com)
Robert E. Malchman (rmalchman@abv.com)
Timothy C. Bauman (tbauman@abv.com)
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550
Attorneys for Defendants-Counterclaimants
Parlin Funds LLC and The Parlin Family Foundation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| CROWN FINANCIAL SOLUTIONS LLC, | |
| Plaintiff-Counterclaim Defendant, | 12-cv-0669 (ALC) (MHD) |
| -against- | |
| TL GILLIAMS, LLC, Defendant, and PARLIN FUNDS LLC and THE PARLIN FAMILY FOUNDATION, Defendants-Counterclaimants. | **SECOND AMENDED ANSWER WITH COUNTERCLAIM** |

------------------------------------------------------------x

        Defendants Parlin Funds LLC and The Parlin Family Foundation (the "Parlin Claimants"), by their undersigned attorneys, as and for their Second Amended Answer to plaintiff Crown Financial Solution LLC's Complaint, state as follows:

        1.    Admit the allegations set forth in the first and third sentences of paragraph 1 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in the second sentence of paragraph 1 of the Complaint.

        2.    Admit the allegations set forth in paragraph 2 of the Complaint.

        3.    In response to the allegations set forth in paragraph 3 of the Complaint, aver that to Parlin Claimants' knowledge no payments have been made to the Court as of this

date and otherwise deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 3.

4. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 4 of the Complaint.

5. Upon information and belief, admit the allegations set forth in paragraph 5 of the Complaint.

6. Admit the allegations set forth in paragraph 6 of the Complaint.

7. Admit the allegations set forth in paragraph 7 of the Complaint.

8. Admit the allegations set forth in paragraph 8 of the Complaint.

9. Admit the allegations set forth in paragraph 9 of the Complaint.

10. Admit, upon information and belief, that on or about November 15, 2010, TL Gilliams, LLC ("TLG"), caused approximately $1,620,000 to be sent to Plaintiff, and otherwise deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 10 of the Complaint.

11. Admit the allegations set forth in paragraph 11 of the Complaint.

12. Deny the allegations set forth in paragraph 12 of the Complaint and aver that, of the approximately $1,620,000 caused to be sent to Plaintiff by TLG, Plaintiff continues to exercise dominion and control over funds to which Parlin Claimants have clear legal title and a right to immediate possession, in an amount to be determined but not less than $1,166,400.

13. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 13 of the Complaint.

14. Deny the allegations set forth in paragraph 14 of the Complaint and aver that, of the $1,620,000 caused to be sent to Plaintiff by TLG, Plaintiff continues to exercise

2

dominion and control over funds to which Parlin Claimants have clear legal title and a right to immediate possession, in an amount to be determined but not less than $1,166,400.

15. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 16 of the Complaint, but further aver that TLG has not answered or otherwise responded to the allegations of the Complaint within the time provided for by law.

17. Admit the allegations set forth in paragraph 17 of the Complaint insofar as they relate to the $868,000 defined in the Complaint as the "Investment Assets", and aver that Plaintiff continues to exercise dominion and control over funds, including but not limited to the "Investment Assets", to which Parlin Claimants have clear legal title and a right to immediate possession, the total amount of which is to be determined but is not less than $1,166,400.

18. Repeat their responses to paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 19 of the Complaint.

20. Admit the allegations set forth in paragraph 20 of the Complaint.

21. Admit the allegations set forth in paragraph 21 of the Complaint insofar as they relate to Parlin Claimants and otherwise deny knowledge or information sufficient to form a belief as to their truth or accuracy.

22. Admit the allegations set forth in paragraph 22 of the Complaint upon information and belief.

3

23. State that paragraph 23 of the Complaint contains conclusions of law to which no response is required, though if it is construed as containing any factual allegations, deny knowledge or information sufficient to form a belief as to such allegations.

24. In response to the allegations of paragraph 24 of the Complaint, refer to Exhibit A for the contents thereof and aver that Plaintiff continues to exercise dominion and control over funds, including but not limited to the "Investment Assets", to which Parlin Claimants have clear legal title and a right to the immediate possession, the total amount of which is to be determined but is not less than $1,166,400.

25. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Complaint and aver that Plaintiff continues to exercise dominion and control over funds, including but not limited to the "Investment Assets", to which Parlin Claimants have clear legal title and a right to immediate possession, the total amount of which is to be determined but is not less than $1,166,400.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

## AS AND FOR AN AFFIRMATIVE DEFENSE

27. Plaintiff is not entitled to an injunction pursuant to 28 U.S.C. § 2361 or other relief because Plaintiff continues to exercise dominion and control over funds, including but not limited to the "Investment Assets," to which Parlin Claimants have clear legal title and a right to immediate possession, the total amount of which is to be determined but is not less than $1,166,400.

## FIRST COUNTERCLAIM FOR RELIEF
## (CONVERSION)

28. This Court has jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. § 1367 and the principles of supplemental jurisdiction.

29. Alternatively and independently, this Court has jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. § 1332 in that (i) Counterclaimants Parlin Funds LLC and The Parlin Family Foundation are organized under the laws of, and have their principal place of business in, the state of Ohio; (ii) Counterclaim Defendant Crown Financial Solutions LLC is organized under the laws of, and has its principal place of business in, the state of New Jersey; and (iii) the amount in controversy in this Counterclaim exceeds $75,000 exclusive of costs and interest.

30. As set forth in Paragraph 10 of the Complaint, on or about November 15, 2010, TLG caused approximately $1,620,000 to be sent to Counterclaim Defendant.

31. As set forth in Paragraph 11 of the Complaint, this $1,620,000 was misappropriated and/or obtained from Parlin Claimants by fraud on the part of TLG and Tyrone Gilliams, and belongs to Parlin Claimants.

32. Parlin Claimants have clear legal title and a right to immediate possession of the aforementioned funds in the amount of $1,620,000.

33. Counterclaim Defendant has exercised dominion and control over the aforementioned funds in derogation of Parlin Claimants' rights thereto.

34. Parlin Claimants have been damaged as a result of Counterclaim Defendant's conversion of the aforementioned funds.

### DEMAND FOR RELIEF

**WHEREFORE**, Parlin Claimants demand:

A. Judgment dismissing the Complaint, insofar as it seeks relief against Parlin Claimants;

B. On the Counterclaim, Judgment in favor of Parlin Claimants, in an amount to be determined but in no event less than $1,620,000.

5

    C. An award to Parlin Claimants of costs and disbursements, including reasonable attorneys' fees, incurred in connection with this action; and

    D. Such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
   May 1, 2013

           ALLEGAERT BERGER & VOGEL LLP

           By: _____
           Louis A. Craco, Jr. (lcraco@abv.com)
           Robert E. Malchman (rmalchman@abv.com)
           Timothy C. Bauman (tbauman@abv.com)
           111 Broadway, 20th Floor
           New York, NY 10006
           (212) 571-0550
           *Attorneys for Defendants-Counterclaimants Parlin Funds LLC and The Parlin Family Foundation*