ALLEGAERT BERGER & VOGEL LLP
Louis A. Craco, Jr. (lcraco@abv.com)
Robert E. Malchman (rmalchman@abv.com)
Timothy C. Bauman (tbauman@abv.com)
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550
*Attorneys for Defendants-Counterclaim Plaintiffs*
*Parlin Funds LLC and The Parlin Family Foundation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CROWN FINANCIAL SOLUTIONS LLC,          :

        Plaintiff-Counterclaim Defendant,     :     12-cv-0669 (JGK) (MHD)

        -against-                             :

TL GILLIAMS, LLC,                        :

        Defendant                              :

        -and-                                 :

PARLIN FUNDS LLC and                     :
THE PARLIN FAMILY FOUNDATION,

        Defendants-Counterclaim Plaintiffs.    :

---------------------------------------------------------------x

## PARLIN CLAIMANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A DEFAULT JUDGMENT

November 12, 2014

Defendant-Counterclaim Plaintiffs Parlin Funds LLC and The Parlin Family Foundation (the "Parlin Claimants"), respectfully submit this Memorandum of Law in support of their motion pursuant to Fed R. Civ. P. 55(b) and S.D.N.Y. Civ. R. 55.2(b) for a default judgment against Plaintiff-Counterclaim Defendant Crown Financial Solutions LLC ("Crown") on its interpleader complaint and for entry of a default against it in favor of the Parlin Claimants' counterclaim for conversion.

## STATEMENT OF FACTS

Crown commenced this interpleader action on January 25, 2012, alleging, in summary, that it was subject to conflicting claims as to $868,000 between the Parlin Claimants and Defendant TL Gilliams, LLC ("TLG"). A copy of the Complaint is annexed as Exhibit A to the accompanying Declaration of Louis A. Craco, Jr. ("Craco Decl."). The Complaint alleged that the activity in which Crown invested the money was "anticipated to mature during the first half of 2012," meaning that, at that time, Crown could pay the funds into Court to fulfill its obligations under the interpleader statute. Crown never did so. (Craco Decl. ¶ 2).

The Parlin Claimants filed an Amended Answer with Counterclaim, dated July 25, 2012 (see Craco Decl. Ex. B). The Counterclaim seeks the principal amount of $1,620,000 in conversion damages against Crown. These funds represent a portion of the $4,000,000 that the Parlin Claimants were defrauded into providing to Vassilis Morfopoulos, who in turn gave that money to Tyrone Gilliams, Jr. Gilliams directed $3,000,000 of those funds to a TLG account at Wells Fargo Advisors. From there, Gilliams caused $1,620,000 to be sent to Crown, purportedly for an investment in gold mining in Ghana. Craco Decl. ¶ 3. Crown's Amended Reply to Counterclaims was filed August 15, 2013. See id. & Ex. C.

On October 22, 2012, this Court granted the motion of Reiss Sheppe LLP to withdraw as counsel to Crown and directed that Crown appear by counsel on or before December 7, 2012. See id. ¶ 4 & Ex. D. No counsel for Crown appeared. (TLG never appeared in this action). Id. ¶ 4 & n.1. Crown also failed to appear at the January 30, 2013 status conference in this action, although its principal, Todd Siegmeister, was aware of that conference date. See id. ¶ 6.

On or about May 1, 2013, the Parlin Claimants interposed a Second Amended Answer and Counterclaim, seeking the same relief but making explicit that the Court has diversity jurisdiction over the counterclaim. (Craco Decl. ¶ 7 and Ex. E). By order of Judge Koeltl entered July 3, 2013, Crown was ordered to appear by counsel and move or answer the Counterclaim and place the funds within the registry of the Court that formed the basis for the interpleader action by July 23, 2013. (Craco Decl. ¶ 8 and Ex. F). Crown did none of those things. Id. ¶ 8.

In or around May 2014, the Parlin Claimants and Crown advised the Court that they had arrived at an agreement in principal to settle the case, and on May 28, 2014 the Court entered an order discontinuing this action, provided that either party could ask by letter to have the matter restored to the calendar within 45 days. On July 11, 2014, Judge Koeltl extended the time to request restoration of the case to September 5, 2014. On that day, the settlement having not been implemented, the Parlin Claimants requested that the case be restored to the calendar, which Judge Koeltl did by order dated September 22, 2014. (Craco Decl. ¶ 9 and Ex. G). By order dated September 30, 2014, a conference was scheduled before Magistrate Judge Dolinger for November 6, 2014. (Craco Decl. ¶ amd Ex. I). Undersigned counsel sent a copy of the September 30, 2014 Order to Crown's principal, Todd Siegmeister, at the email address through

2

which counsel normally communicates with him, finance37@gmail.com, and thereafter had several telephone conversations in which the conference was discussed. In the last of these, on November 4, 2014, Mr. Siegmeister stated he would not be attending the November 6 conference and, of course, neither he nor any representative of Crown appeared at that conference. (Craco Decl. ¶ 9).

As of today, Crown has neither appeared by counsel in this action at any time since it prior counsel withdrew, nor placed deposited any interpleader funds with the Court, nor replied to the Second Amended Answer and Counterclaim. (Craco Decl. ¶ 10).

## ARGUMENT

## PLAINTIFFS ARE ENTITLED TO A
## DEFAULT JUDGMENT AGAINST CROWN.

Crown is in default of its obligation to appear by counsel. In addressing a motion for a default judgment, the court considers the following three factors: (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Dispositions of default judgments are left to the sound discretion of the court. See Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044 (LTS) (GWG), 2003 WL 1960584 at *2 (S.D.N.Y., April 25, 2003) (citation omitted).

## A.   Crown Has Disregarded the Court's Order and Willfully Defaulted.

The default by Crown was willful because it came after this Court explicitly instructed it to appear by counsel by December 7, 2012 and again by July 23, 2013. It also failed to appear at the November 6, 2014 status conference. "A limited liability company . . . may appear in federal court only through a licensed attorney." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 130 (2d Cir. 2011) (internal quotation omitted). When a company is

3

instructed to appear by counsel, and it fails to do so, entry of a default judgment is appropriate. See Eagle Assoc. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir., 1991) ("Having determined that the district court properly ordered [corporate defendant] to appear through counsel, it was appropriate to enter a default judgment when [corporate defendant] willfully disregarded the district court's order.").

Here, Crown was on notice that failure to appear by counsel would result in the Parlin Claimants moving for a default judgment. See Craco Decl., ¶ 8. Crown's failure to appear by counsel, therefore, is willful and warrants entry of a default judgment against it.

## B.     Crown Has No Meritorious Claim or Defense.

As a result of Crown's failure to pay any funds into Court, Crown has failed to offer any meritorious claim in support of its interpleader claim or any meritorious defense to the Counterclaim. Regarding the interpleader claim, the failure to pay funds into court as directed means that Crown may not maintain an interpleader action. See William Penn Life Ins. Co. v. Viscuso, 569 F. Supp. 2d 355, 360 (S.D.N.Y. 2008) ("deposit has been construed as a requirement of maintaining interpleader jurisdiction, rather than a prerequisite to bringing suit"); accord Reserve Int'l Liquidity Fund, Ltd. v. Caxton Int'l Ltd., No. 09 Civ. 9021 (PGG), 2010 WL 1779282, at *6 n.8 (S.D.N.Y. Apr. 29, 2010) (quoting William Penn).

Regarding the conversion counterclaim, the Parlin Claimants have asserted that the $1,620,000 received by Crown from TLG belongs to them, and no part of those funds have been returned. See Complaint ¶¶ 10, 11, 17; Amended Counterclaim ¶¶ 28-32.

> Conversion is the unauthorized assumption and exercise of the
> right of ownership over another's property to the exclusion of the
> owner's rights . . . . Where the property alleged to have been
> converted is money, it must be specifically identifiable and be
> subject to an obligation to be returned or to be otherwise treated in
> a particular manner.

4

Lemle v. Lemle, 939 N.Y.S.2d 15, 18 (App. Div. 1st Dep't. 2012) (internal citations, quotations and emendations omitted).

By filing an interpleader complaint, Crown admits that the money it received is an identifiable fund. See William Penn, 569 F. Supp. 2d at 359 ("The existence of a single, identifiable stake is a necessary element of interpleader jurisdiction.")  The mere fact that these identifiable funds were transferred into Crown's bank account does not relieve Crown of liability for conversion. See LoPresti v. Terwilliger, 126 F.3d 34, 42 (2d Cir. 1997) (reversing dismissal of conversion claim where union dues were paid into company's bank account instead of to union).  An inquest on damages will demonstrate the chain of unauthorized transfers of the Parlin Claimants' identifiable funds, resulting in $1,620,000 eventually entering Crown's possession.

Therefore, this Court should grant the motion for a default judgment dismissing the Complaint and granting a default on the Counterclaim, with leave to submit materials for an inquest on damages.

## C.     Plaintiffs Will Be Prejudiced If The Default Judgment Is Not Granted.

The final factor the Court must consider is whether the non-defaulting parties would be prejudiced if the motion for default were to be denied.  This case has been pending for over over two and a half years, and Crown has provided no responses to discovery requests, nor even mandatory initial disclosures, including discovery responses due prior to the withdrawal of Crown's counsel.  The purpose of an interpleader action is for the stakeholder to divest itself of the stake so as to avoid liability for it to any other party.  Here, the willful delays of Crown have frustrated the Parlin Claimants' ability to recover that stake, to which they would be entitled based on the failure of TLG to appear and answer the interpleader complaint.

## CONCLUSION

By reason of the foregoing, Plaintiffs respectfully request that the Court enter an

order for a default judgment dismissing the Complaint, for the Clerk to enter a default against

Crown and in the Parlin Claimants' favor on the Counterclaim, and for such other and further

relief as the Court deems just and proper.

Dated: New York, New York
　　　　November 12, 2014

Respectfully submitted,

Louis A. Craco, Jr.
Robert E. Malchman
Timothy C. Bauman
Allegaert Berger & Vogel LLP
111 Broadway, 20th Floor
New York, New York 10006
Telephone:　(212) 571-0550
Facsimile:　(212) 571-0555
E-mail:　　lcraco@abv.com
　　　　　rmalchman@abv.com
　　　　　tbauman@abv.com
*Attorneys for Defendants-Counterclaim
Plaintiffs Parlin Funds LLC and
The Parlin Family Foundation*

6