UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NW YORK
------------------------------------x
CROWN FINANCIAL SOLUTIONS LLC,

       Plaintiff-
       Counterclaim Defendant,

       -against-

TL GILLIAMS LLC,

       Defendant,

       -and-

PARLIN FUNDS LLC and the PARLIN
FAMILY FOUNDATION,

       Defendants-
       Counterclaim Plaintiffs.
------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/29/15__
```

REPORT & RECOMMENDATION

12 cv. 669 (JGK)(MHD)

TO THE HONORABLE JOHN G. KOELTL, U.S.D.J.:

Defendants and counterclaimants Parlin Funds LLC and the Parlin Family Foundation (collectively "the Parlins") seek an award of $1,620,080.00 plus pre-judgment interest from plaintiff and counterclaim defendant Crown Financial Solutions LLC ("Crown") based on a claim of conversion. Following entry by the District Court of a default in the Parlins' favor, their application for damages is being addressed in the form of an inquest on paper submissions. For the reasons that follow, we recommend that their application be granted in full.

1

## I. Relevant Proceedings and Facts

Crown commenced this lawsuit as an interpleader action to determine ownership of funds that it had received from defendant TL Gilliams LLC. It named as defendants the Gilliams entity and two entities associated with a Cincinnati family named Parlin -- defendants Parlin Funds LLC and the Parlin Family Foundation. The origin of this interpleader action is traceable to a separate lawsuit pursued by the Parlins in this court, Parlin Funds LLC v. Gilliams, 11 cv. 2534 (ALC)(MHD), and a lawsuit in New York State Supreme Court, titled Parlin Funds LLC v. Morfopoulos, Index No. 650454/11. In substance, the Parlins alleged in both suits that they had been defrauded into investing $4 million with Mr. Vassilis Morfopoulos and an entity that he controlled known as H.E.A.R.T.T., and that Morfopoulos then arranged for the moneys to be transferred to defendant TL Gilliams and its principal, Tyrone Gilliams, through Gilliams's attorney Everette Scott and the Scott law firm's trust account. Gilliams then opened an account with Wells Fargo and deposited $3 million of the Parlin funds there, from which more than half -- a sum of $1,620,080.00 -- was in turn paid over to a J.P. Morgan account controlled by Crown. (See Malchman Decl. ¶¶ 3-12 & Exs. 1-3, 5-7). According to the Parlins, none of this money was ever returned to them. (Id. ¶ 3).

2

The Parlins pursued litigation initially against Gilliams, TL Gilliams, Morfopoulos and Scott, as well as several other alleged participants in the chain through which they traced their purloined funds. Ultimately the Parlins obtained judgments against Gilliams, TL Gilliams, Scott and his law firm, in the amount of $4 million. Parlin Funds v. Gilliams, 11 cv. 2534 (ALC)(MHD), Docs. ## 304, 300. There is no indication that the Parlins have recovered any sums from these defendants.

The Parlins ultimately traced a transfer of some of their stolen funds, in the amount of $1,620,080.00, from an account in the name of TL Gilliams to an account for Crown at J.P. Morgan. (Malchman Decl. ¶¶ 3-8 & Exs. 1-3). Crown characterizes this transfer as the opening by it of an investment account for TL Gilliams. (Compl. ¶ 10).

The Parlins apparently contacted Crown to seek return of their funds (id. ¶ 11)(Parlins advised Crown that the funds had been "misappropriated and/or obtained from them by fraud on the part of TLG and Gilliams"), and that request triggered Crown's filing of this interpleader action. In its interpleader complaint, it acknowledged the receipt of $1,620,080.00 from TL Gilliams on November 15, 2010 (id. ¶ 10), and further stated that on February

3

16, 2011 it had returned $752,000.00 from that account to TL Gilliams at that defendant's request. (Id. ¶ 12). Accordingly, it asked that the court adjudicate title to the remaining "approximately $868,000.00" as between TL Gilliams and the Parlins. Although Crown filed this form of lawsuit, it failed at that time to deposit any of the remaining funds with the court, as required for commencement of an interpleader action. See 28 U.S.C. § 1335(a)(2).

The Parlins answered the complaint, claiming title to the funds, and subsequently asserted a counterclaim against Crown for conversion of the $1,620,080.00. (Answer passim; Amended Answer & Counterclaim ¶¶ 28-32). TL Gilliams has never responded to the interpleader complaint, an unsurprising development since Mr. Gilliams and his co-defendant Everette Scott were both successfully prosecuted in this district for this fraud on the Parlins and sentenced to substantial prison terms. See, e.g., "Philly Businessman Gets 10 Years for $5 M Investment Fraud", www.law360.com/articles/485263/philly-businessman-gets-10-years-for-5m-investment-fraud.

After extended delays in completing pre-trial proceedings in the interpleader case -- a pattern that resulted from the failure

4

of Crown and its principal, Todd Siegmeister, to cooperate in discovery -- the District Court entered a default against Crown on the Parlins' counterclaim and referred the case to me to conduct an inquest. We subsequently directed the filing of papers in support of the Parlins' request for monetary relief, and have received the required documentation. As for Crown, although originally represented by counsel, it now has no attorney, although Mr. Siegmeister has submitted opposition papers, in which he seeks to limit the award to the funds still in Crown's possession, which he calculates now as $839,588.28. (Siegmeister Decl. ¶¶ 3-7).

## II. Analysis

The effect of the entry of a default against a defendant is to deem as true all well-pled allegations of the complaint that pertain to liability. The plaintiff must nonetheless demonstrate by competent evidence the factual basis on which it seeks relief. See, e.g., Bambu Sales, Inc. v. Ozak Trading Inc., 55 F.3d 849, 854 (2d Cir. 1995); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

There is no question that the Parlins adequately plead a claim for conversion of their funds in the amount of $1,620,080.00.

5

Conversion is generally defined as "the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." Thyroff v. Nationwise Mut. Ins. Co., 8 N.Y.3d 283, 288-89, 832 N.Y.S.2d 873, 876 (2007)(quoting State of New York v. Seventh Regiment Fund, 98 N.Y.2d 249, 259, 746 N.Y.S. 637, 645 (2002)). Liability is not limited to the party that initially took or withheld the property from the owner. As summarized, in relevant terms, in the Restatement (Second) of Torts:

A conversion may be committed by intentionally

(a) dispossessing another of a chattel . . .

\*                      \*                      \*

(d) receiving a chattel . . .

(e) disposing of a chattel . . .

(f) misdelivering a chattel . . .

(g) refusing to surrender a chattel . . .

Restatement § 223. As alleged by the Parlins and conceded by plaintiff, Crown received the stolen funds from TL Gilliams (referred to either as an investment client or as a lender)[1] -- an

---

[1] At one point plaintiff describes the moneys from TL Gilliams as having been placed in an investment account with Crown. (Compl. ¶ 10). At another stage it refers to the placement of the money as a loan to Crown. (Seigmeister ¶ 4).

6

entity that had no right to their possession -- and then Crown
failed to return the funds to their rightful owners on demand and
instead had previously returned some of the moneys to TL Gilliams.[2]

The only argument presented by Mr. Siegmeister in opposition
to the Parlins's application for an award is that Crown should not
be held liable for that portion of the funds that it previously
returned to TL Gilliams. (Seigmeister Decl. ¶ 7). This argument
fails for two reasons. First, Crown is unrepresented by counsel,
and as a limited liability company cannot be heard in this case on
a <u>pro</u> <u>se</u> basis. <u>See</u>, <u>e.g.</u>, <u>Eagle Assocs. v. Bank of Montreal</u>, 926
F.2d 1305, 1309 (2d Cir. 1991); <u>Balestriere PLLC v. CMA Trading,</u>
<u>Inc.</u>, 2012 WL 695401, *1 (S.D.N.Y. March 5, 2012). Second, in any
event a party that is liable for conversion based on its receipt
and holding of property from the original converter cannot escape

---

[2] When the property in question is money, "it must be
specifically identifiable and be subject to an obligation to be
returned or to be otherwise treated in a particular manner."
<u>Lemle v. Lemle</u>, 92 A.D.3d 494, 497, 939 N.Y.S.2d 15, 18 (1st
Dep't 2012). To bring an interpleader action, the plaintiff must
allege, as Crown does here, that the money at issue is in an
identifiable fund. <u>See</u>, <u>e.g.</u>, <u>William Penn Life Ins. Co. v.</u>
<u>Viscuso</u>, 569 F. Supp.2d 355, 359 (S.D.N.Y. 2008). <u>See</u> <u>also</u>
<u>LoPresti v. Terwilliger</u>, 126 F.3d 34, 42 (2d Cir. 1997)(transfer
of funds into converter's bank account does not prevent assertion
of conversion claim). In this case, Crown effectively concedes,
by bringing its interpleader action, that this requirement is
satisfied. Thus, it refers in its complaint to the money being
held in a separate account for TL Gilliams (Compl. ¶¶ 10, 13).

7

and holding of property from the original converter cannot escape
liability by returning some or all of the property to that original
converter.[3] A party becomes liable for conversion once it exercises
dominion over that property irrespective of whether it retains or,
indeed, ever had physical possession of the property. <u>See</u>, <u>e.g.</u>,
<u>Suzuki v. Small</u>, 214 A.D. 541, 556-58, 212 N.Y.S. 589, 602-03 (1st
Dep't 1925)(defendant responsible for mis-delivery of steel despite
never having physical possession of the steel; "Any wrongful
exercise of dominion, by one other than the owner, is
conversion."); <u>Schwartz v. Schwartz</u>, 81 Misc.2d 177, 179-80, 365
N.Y.S.2d 584, 587-88 (Civil Ct. N.Y.Cty. 1974), <u>aff'd in relevant
part</u>, 82 A.D.2d 51, 365 N.Y.S.2d 589, 592 (App. Term 1st Dep't
1975)(conversion liability upheld for facilitating removal of funds
from bank account even though defendant received no benefit). <u>See
also</u> <u>Ahles v. Aztec Enters., Inc.</u>, 120 A.D.2d 903, 904, 502
N.Y.S.2d 821, 822 (3d Dep't 1986). In this case Crown had dominion
over the entire $1,620,080.00 transferred to it by TL Gilliams and
thereby deprived the Parlins of their lawful right to control those
funds. Crown is therefore liable for the full amount of the

---

[3] The fact that Crown may have originally believed that TL
Gilliams lawfully possessed the funds and that Crown had a right
to retain them pursuant to whatever arrangement it had with TL
Gilliams does not avoid liability. <u>See</u> <u>Restatement</u> § 244. Indeed,
Crown does not make such an argument.

property of which the Parlins were deprived.

The Parlins are also entitled to an award of pre-judgment interest under C.P.L.R. §§ 5001(a), 5004 for the loss of their funds. See, e.g., Eighteen Holding Corp. v. Drizin, 268 A.D.2d 371, 371, 701 N.Y.S.2d 427, 428 (1st Dep't 2000). Calculated at nine percent and running from November 15, 2010 -- the date when Crown received the funds from TL Gilliams (Malchman Decl. ¶ 8 & Ex. 3) -- the accrued interest will amount to $716,934.00 as of October 15, 2015.

CONCLUSION

For the reasons stated, we recommend that judgment be entered in favor of counterclaimants Parlin Fund LLC and Parlin Family Foundation and against Crown Financial Solutions LLC in the amount of $1,620,080.00 in principal and $716,934.00 in pre-judgment interest, accrued as of October 15, 2015, or a total of $2,337,014.00.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such

objections shall be filed with the Clerk of Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable John G. Koeltl, Room 1030, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: New York, New York
       September 29, 2015

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

10

Copies of the foregoing Report and Recommendation have been sent today to:

Louis A. Craco, Esq.
Robert E. Malchman, Esq.
Timothy . Bauman, Esq.
Allegaert Berger & Vogel LLP
111 Broadway
20th Floor
New York, New York 10006

Crown Financial Solutions, LLC
c/o Mr. Todd Seigmeister
15A Diamond Drive
Lake Hopatcong, New Jersey